Frank Wall
4411 NE Tillamook Ave.
Portland, OR 97213
fWall@ipns.com
(503) 223-6066

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | | |
|---|---|---|
| CATHERINE MARTINEZ, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| OPTREND LLC dba THE SHIRE II APARTMENTS and EVE AND DEAN RAMIREZ, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) ) | |

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Catherine Martinez ["Plaintiff"], a resident of Multnomah County, is a former tenant of The Shire II Apartments ["Shire"], a 20-unit apartment complex in Portland, Oregon.

2. Defendant Optrend LLC dba The Shire II Apartments, an Oregon corporation doing business in Multnomah County, is the owner of the property and was Plaintiff's landlord as defined ORS 90.100(23), which includes owners.

3. Defendants Eve and Dean Ramirez ["Managers"], authorized by the owner to manage the property and to enter into rental agreements, were also Plaintiff's landlords pursuant to ORS 90.100(23), which includes managers.

———————————— COMPLAINT ————————————   1

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3601 et seq. of the Fair Housing Act of 1968. Jurisdiction and venue are proper in this Court for this action.

## STATEMENT OF FACTS

5. This is an action for Defendants' failure to provide reasonable accommodation for disability in response to Plaintiff's request for such.

6. Plaintiff's tenancy began in July of 2013, at which time Defendants supplied Plaintiff with a handicapped parking space marked with a handicapped sign and an adjacent access aisle.

7. Plaintiff's disability, requiring use of a walker, necessitated the handicapped parking space and adjacent access aisle in order for Plaintiff to enter the apartment as well as to carry anything, including bags of groceries, up to the apartment.

8. The adjacent aisle also provided access for emergency personnel to enter in case of an emergency, at issue in light of Plaintiff's serious heart condition.

9. On or about April 4, 2021, Defendants relined the parking lot, removed Plaintiff's handicapped sign, removed the adjacent access aisle and eliminated Plaintiff's handicapped parking space.

10. From then on, Plaintiff was neither able to walk up to the apartment with the walker nor carry a bag of groceries up without the help of another person lifting the walker and groceries above the parked car where the access aisle had been.

11. Plaintiff stopped leaving the apartment to attend to chores and other necessities because of how inaccessible it had become.

12. In April of 2021 Plaintiff, considerably stressed by this elimination of the walkway and handicapped parking space, complained to Defendants.

13. Defendants responded by promising to "look into the matter."

14. On August 12, 2021, four months later, Defendants had still failed to respond.

15. Plaintiff then served Defendants a request for reasonable accommodation signed by Plaintiff's physician, Dr. Brooke Holmes.

16. Dr. Holmes stated that Plaintiff required a walker to get in and out of the apartment.

17. On September 17, 2021, Defendants finally responded, saying that they had no obligation to provide a handicapped parking space with an adjacent access aisle.

18. Telling Plaintiff that parking and access was "a tight squeeze for everyone," Defendants rejected Plaintiff's request for reasonable accommodation.

## CLAIMS FOR RELIEF

### FIRST CLAIM: VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. § 3604)

19. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The Fair Housing Act makes it illegal to " discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of ... that buyer or renter ....,," prohibiting "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap..." 42 U.S.C. § 3604(f)(1) & (2).

21. Specifically, the Act defines discriminatory conduct as

a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling...

42 U.S.C. § 3604(f)(3)(B)

22. Plaintiff is a qualified individual with a disability, because physical disabilities substantially limit her ability to conduct major life activities such as walking and working. 42 U.S.C. § 12102.

23. The Fair Housing Act applies to Defendants because Defendants provide and manage rental housing. 42 U.S.C. § 3603(a)(2).

24. Defendants discriminated against Plaintiff because of her disability by failing to make a reasonable accommodation to their policies, practices, or procedures necessary for Plaintiff enjoy the benefits of her dwelling.

25. Specifically, Defendants were aware of Plaintiff's need to use a walker to enter and exit her home after Defendants eliminated the access aisle to it and subsequently failed to make any effort to remedy the problem.

26. Defendants' conduct was willful, intentional, and in reckless disregard of Plaintiff's civil rights.

27. Plaintiff, an aggrieved person within the meaning of the Act (42 U.S.C. § 3602(i)(1)) suffered physical and emotion damage from stress and other damages due to Defendants' failure to provide her with reasonable accommodation.

28. Plaintiff is therefore entitled to actual damages in the amount of $100,000.00, punitive damages if applicable, costs, and reasonable attorney's fees. 42 U.S.C. § 3613(a)(1)(A).

——— COMPLAINT ———

4

## SECOND CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 above.

30. At all times relevant to this action Plaintiff had a legally protected interest in the use and enjoyment of the premises.

31. Defendants knew or should have known because Plaintiff informed them of her disability and attendant symptoms, which included not only the need for a walker but a severe heart condition that could be exacerbated by the stress Plaintiff experienced from being unable to enter and leave her apartment at will and on her own, that they were required to accommodate Plaintiff's disability.

32. Yet Defendants not only refused to accommodate Plaintiff, they negligently failed to provide Plaintiff with a such legally protected interest in an essential service they had earlier provided and recklessly denied Plaintiff's request for reasonable accommodation.

33. Because Plaintiff, with a severe heart condition, suffered intensifying stress and exacerbated disability over this problem, Defendants' conduct was reckless in the extreme.

34. As a direct and proximate result of Defendants' negligent infliction of emotional distress, Plaintiff has suffered non-economic damages in the approximate amount of $150,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally liable as follows:

1. For economic damages of $100,00.00;

2. For non-economic damages of $150,00.00;

3. For punitive damages if applicable;

4. For prejudgment interest;

5. For damages for Plaintiff' other economic and non-economic losses;

6. For costs of litigation and trial;

7. For attorney fees; and

8. For such other and further relief as the Court may deem just and proper.

DATED: July 14, 2022

*[signature]*

FRANK WALL   OSB 733160
Attorney for Plaintiff

COMPLAINT

6